UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| George Downings,<br>Plaintiff,<br><br>v.<br><br>TreeHouse Foods, Inc. and American Italian Pasta Company,<br>Defendants. | CASE NO.: 3:22-cv-03679-JFA-SVH<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff, complaining of the Defendants, would show unto this Honorable Court as follows:

### JURISDICTION AND VENUE

1. This Complaint arises out of violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.* (hereinafter "FMLA").

2. The Plaintiff, George Downings, is a citizen of the State of South Carolina, resides in Richland County, South Carolina and is entitled to the protections of the FMLA on account of his need for and use of leave protected by the Act.

3. Defendant TreeHouse Foods, Inc. (hereinafter "Defendant Treehouse"), upon information and belief, is a foreign corporation organized in the State of Delaware and operating under the laws of the State of South Carolina.

4. Defendant American Italian Pasta Company (hereinafter "Defendant American Italian"), upon information and belief, is a foreign corporation organized in the State of Delaware and operating under the laws of the State of South Carolina.

5. Defendant American Italian employed the Plaintiff by providing pay, benefits, leave, supervision, Human Resources support, and by having the ability to terminate the Plaintiff. Defendant Treehouse also employed the plaintiff as a "joint employer" by providing direct supervision of the Plaintiff, training on how to perform his job functions, providing all tools and machinery necessary to perform his job functions, and by having the ability to effectuate the termination of the Plaintiff.

6. The Defendants are an industry that affects commerce within the meaning of the FMLA.

7. The Defendants are a "person" within the meaning of the FMLA.

8. The Defendants employ fifty (50) or more employees and are an "employer" within the meaning of the FMLA.

9. All employment practices alleged herein were committed within the State of South Carolina.

10. The Defendants own and operate a business in this judicial district and all of the events or omissions giving rise to the claim occurred in this judicial district. Therefore, venue is proper in this Court pursuant to 28 U.S.C. §1391.

11. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

12. The parties, subject matter and all things hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

13. On or about October 11, 2007, the Plaintiff began working for Defendants. At all times during his employment, the Plaintiff was efficient and effective in his work.

14. On or about March 6, 2021, Plaintiff started feeling ill. On or about March 8, 2021, Plaintiff woke up and felt so bad that he went to the hospital. Plaintiff contacted the "call-in" line to let Defendants know he was going to the hospital and would not be in to work.

15. Later that day, Plaintiff tested positive for COVID-19 and contacted Defendants to inform them of the same.

16. On or about March 19, 2021, Plaintiff was cleared by his doctor and felt well enough to return to work. He again contacted the Defendants, this time to inquire if he needed a doctor's note to return. Plaintiff was informed that he had been terminated due to a write-up in 2020 and for being "dishonest" about his symptoms, which was wholly untrue.

17. The Plaintiff was terminated in retaliation for taking leave under the FMLA. Any reason stated by the Defendants is pretextual in nature.

## FOR A FIRST CAUSE OF ACTION
### Violation of the Family and Medical Leave Act – Retaliation

18. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

19. As alleged above, Plaintiff satisfactorily performed his essential and fundamental job functions and was an exemplary employee in all respects. Upon his request, he was entitled to take leave pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

20. Defendants' discipline against Plaintiff and discharge of his employment as a result of his having taken such leave is a violation of his rights under said statute.

21. The aforesaid conduct of Defendants violates United States laws against retaliatory discharge; was, in fact, retaliatory in nature; and was in violation of Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

22. The Defendants' actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

23. Accordingly, Plaintiff is informed and believes that due to the acts of the Defendants, he is entitled to injunctive relief and civil damages including lost wages and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

## **RELIEF REQUESTED**

Plaintiff requests a judgment by this Court against Defendants as follows:

1. Judgment in favor of the Plaintiff and against Defendants for all causes of action;

2. Judgment in favor of the Plaintiff and against Defendants for back pay he would have earned (with related monetary benefits and interest thereon) had he been kept in his proper employment;

3. Judgment in favor of the Plaintiff and against Defendants for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

4. An award to the Plaintiff for reinstatement to his former position; and

5. For such other and further relief as this Court deems just, proper and allowable remedies by statute, case law or otherwise.

**WIGGER LAW FIRM, INC.**

*s/Emily Hanewicz Tong*
Emily Hanewicz Tong (Fed. I.D. #12177)
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
(t): (843) 553-9800
(f): (843) 203-1496
(e): ehtong@wiggerlawfirm.com

*Attorney for Plaintiff*

North Charleston, South Carolina
October 24, 2022